**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ALICIA PURCELL,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.** |
| | § | **5:25-cv-304** |
| | § | |
| **LINCOLN NATIONAL LIFE** | § | |
| **INSURANCE COMPANY,** | § | |
| **Defendant** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Lincoln National Life Insurance Company wrongfully terminated Alicia Purcell's long-term disability (LTD) benefits.

**PARTIES**

1. Plaintiff Alicia Purcell is a resident of San Antonio, Bexar County, Texas.

2. Defendant Lincoln National Life Insurance Company is an insurance company licensed to do business in Texas and can be served with citation by serving its agent for service of legal process Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

**JURISDICTION AND VENUE**

3. This lawsuit is a claim for disability benefits provided by an ERISA welfare benefit plan brought under 29 U.S.C. §1132(a)(1)(B). This court has

jurisdiction over this claim for disability benefits under 29 U.S.C. §1132(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Venue is proper in the Western District of Texas, San Antonio Division, in accordance with 29 U.S.C. §1132(e)(2) as the breach of the obligation to continue to pay LTD benefits to Purcell under the group policy occurred in San Antonio, Bexar County, Texas.

## STATEMENT OF FACTS

4. Prior to becoming disabled, Purcell worked as a technical support specialist for Liquid Web, LLC. By virtue of her employment, Purcell had LTD coverage under a group policy insuring employees of Liquid Web. The LTD group policy is underwritten and administered by Lincoln.

5. In June of 2021, Purcell could no longer perform her job duties for Liquid Web due to epileptic seizures, speech difficulties, and cognitive impairments secondary to her seizures. She also suffered from Hodgkin's lymphoma. She was treated for her seizures and cognitive impairments by Richard B. Neiman, M.D., a well-respected neurologist who practices in San Antonio. Dr. Neiman advised her to stop working as of June 14, 2021.

6. Purcell followed her physician's advice and stopped working. She submitted a claim for disability benefits. Purcell was paid short-term disability benefits for the maximum period of 90 days and then Lincoln approved her claim for LTD benefits. Lincoln began paying her monthly LTD benefits on September

9, 2021. Her LTD benefit was $2,247.44 per month, which was 60% of her pre-disability pay.

7. In the Lincoln policy under which Purcell is insured in case of disability, the definition of disability changes after 24 months of disability payments are made. In the first 24 months, it is an 'own occupation" definition of disability: an assessment of whether or not the claimant, due to illness or injury, is unable to perform the occupation that she performed before becoming disabled. After 24 months of benefit payments, the definition of disability changes to an "any occupation" definition.

8. For Purcell, the definition of disability from an "own occupation" to an "any occupation" changed on September 9, 2023, after two years of LTD payments. Despite Dr. Neiman's opinion that Purcell remained disabled after September 9, 2023 due to symptoms and cognitive changes caused by her seizures, and despite his recommendation that she not return to work, Lincoln terminated her LTD benefits effective September 10, 2023 (the beginning of the "any occupation" period). In terminating her benefits, Lincoln relied upon the opinion of its medical consultant rather than Dr. Neiman or Megan Vargas, PA-C, who works with Dr. Neiman and also treats Purcell.

9. Purcell timely appealed the termination of her LTD benefits. Lincoln denied her appeal by letter dated January 23, 2024, relying upon the opinions of its paper review medical consultants to deny her appeal. Lincoln advised Purcell that she had a right to a second appeal.

10. Through the undersigned counsel, Purcell submitted a second appeal dated July 17, 2024. Subsequently an exchange of medical information ensued. This exchange of information included a letter from Dr. Neiman to Lincoln dated October 17, 2024:

> "Alicia Purcell is a current patient. She has a history of seizures and is on Tegretol for seizure management, however, she has ongoing symptoms and breakthrough seizure episodes. Alicia has cognitive changes, speech difficulties, twitching, and dystonic movements. She struggles daily with retrieval of information, staying on tasks even short term, and involuntary movements all of which affect her ability to work. Her history of Hodgkins lymphoma and chemotherapy as well as encephalopathy further exacerbate her issues. She no longer drives, and her husband has to manage her medications as she cannot remember to take them daily. Given her extensive history and symptoms, she is incapable of working in any capacity and has been advised to obtain long term disability."

11. Again, rather than rely upon Dr. Neiman's opinions, Lincoln relied upon its paper review medical consultants and vocational consultants and upheld its termination of LTD benefits. Lincoln sent out its final adverse benefit determination in a letter dated December 5, 2024. In the final denial, Lincoln notified Purcell that she had exhausted her rights of administrative appeal and her claim was closed.

**Exhaustion of Appeal Requirements**

12. Purcell exhausted the administrative appeal requirements of ERISA and the Lincoln LTD group policy and therefore has the right to bring this action.

**The Decision to Terminate Purcell's LTD Benefits Was Contrary to the Preponderance of the Evidence and Also Was an Abuse of Discretion**

13. Even if there is language in the policy or plan-related documents that is interpreted to grant Lincoln discretion to make benefit determinations under the group LTD policy, these discretionary provisions are unenforceable as to Purcell's claim for LTD benefits because it is a violation of Texas law to seek enforcement of a discretionary clause in a disability policy against an insured living in Texas. Texas Insurance Code, §1701.062, and 28 Texas Administrative Code §§3.1201-3.1203. This anti-discretionary statute and its accompanying regulations are not preempted by ERISA.

14. The preponderance of the evidence shows that Purcell remains unable to perform any full-time occupation as of September 9, 2023 and thereafter. She is entitled to continued LTD benefits as of September 10, 2023 and thereafter.

15. In the unlikely event that Lincoln is found to have retained its discretionary authority so that this matter is reviewed under an abuse of discretion standard of review, Lincoln abused its discretion in terminating Purcell's LTD benefits.

16. Lincoln's decision to terminate Purcell's LTD benefits beyond September 9, 2023 resulted in Lincoln saving money, as Lincoln is both the decision-maker and the underwriter of LTD benefits. As a result, Lincoln acted under a conflict of interest when it terminated Purcell's LTD benefits. If abuse of discretion is determined to be the proper standard of review, this conflict of

interest should be considered as a factor by this Court in determining whether Lincoln abused its discretion in terminating Purcell's LTD benefits.

## CAUSE OF ACTION

### Claim for LTD Benefits from September 10, 2023 And Thereafter Under 29 U.S.C. §1132(a)(1)(B) of ERISA

17. Purcell seeks to recover LTD benefits from September 10, 2023 to the present (and so long as this case is pending), under the authority of 29 U.S.C. §1132(a)(1)(B) of ERISA. Since she remains disabled as that term is defined within the LTD policy, Purcell is entitled to LTD benefits and Lincoln is obligated to pay those benefits under the LTD group policy.

## RELIEF REQUESTED

18. Lincoln owes Purcell $2,247.44 per month under the group policy beginning September 10, 2023. As of September 10, 2025, Purcell is entitled to the sum of $53,938.56 in back benefits ($2,247.44 x 24 months). Purcell requests these back benefits as well as additional monthly benefits that accrue after September 10, 2025 but during the pendency of this litigation at the rate of $2,247.44 per month.

## ATTORNEY'S FEES

19. Purcell requests her attorney's fees and costs under 29 U.S.C.A. 1132(g).

## CONCLUSION

Purcell requests back LTD benefits in the amount of $53,938.56, plus monthly disability benefits that accrue after September 10, 2025 but while this case is pending at the rate of $2,247.44 per month. She also requests her attorney's fees, pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which she may show herself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Commerce Building
314 E. Commerce, Suite 300
San Antonio, Texas 78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By*:* *__/s/ Jeffrey E. Dahl*
**Jeffrey E. Dahl**
**State Bar No. 05310900**
**Attorney for Plaintiff Alicia Purcell**