**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ALICIA PURCELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 5:25-CV-00304** |
| **THE LINCOLN NATIONAL LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# JOINT FED. R. CIV. P. 26 REPORT

**1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

There are no jurisdictional issues in this case. The parties agree that this court has federal question jurisdiction since this is a claim for disability benefits brought under 29 U.S.C. 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA).

**2. Are there any unserved parties?**

There are no parties who have not been served.

**3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Plaintiff Purcell's claim is for disability benefits brought under 29 U.S.C. 1132(a)(1)(B) of ERISA. Defendant denies that Plaintiff is entitled to any relief by this action.

**4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties agree that the primary evidence in this case will be the documents within the administrative record as produced by Defendant. The parties stipulate that there will be no live testimony since this is an ERISA case that involves the Court's review of the record and Lincoln's decision to deny disability benefits. The parties agree that there may be some limited discovery as permitted by *Crosby v. Louisiana Health Service and Indem. Co*, 647 F.3d 258, 263 (5th Cir. 2011).

Accordingly, a relatively short discovery period of 45 to 60 days should be adequate.

**5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

The Parties agree that limited discovery is permitted. If the Plaintiff engages in discovery, such discovery will be limited to requests for production, requests for admissions, and interrogatories over the subject matter previously described.

The parties do not anticipate any issues regarding attorney-client privilege or work-product protection, electronically stored information, nor should any changes be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.

**6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

No discovery has been completed. Plaintiff's discovery, if any, will be limited to interrogatories, requests for production, and admissions. There is no need for discovery to be conducted in phases.

**7. What, if any, discovery disputes exist?**

No discovery disputes exist at this time.

**8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties don't anticipate any issues regarding attorney-client privilege or work product protections under Federal Rule of Evidence 502.

**9. Have the parties discussed mediation?**

The parties have not discussed mediation. They intend to discuss the resolution of this matter without the use of a mediator. After discussion, if they have a reasonable belief that this case might be resolved through mediation, then the parties will be amenable to mediation.

Respectfully Submitted,

LAW OFFICES OF IWANA RADEMAKERS, P.C.

*/s/ Iwana Rademaekers*


Iwana Rademaekers
State Bar No. 16452560
17304 Preston Road, Suite 800
Dallas, Texas 75252
PH: (214) 579-9319
Fax: (469) 444-6456


ATTORNEYS FOR DEFENDANT

**- And -**

LAW OFFICE OF JEFFREY E. DAHL

*/s/ Jeffrey E. Dahl (with permission)*


Jeffrey E. Dahl
State Bar No. 05310900
The Commerce Building
314 E. Commerce, Suite 300
San Antonio, Texas 78205
PH: (210) 527-0900
Fax: (210) 527-0901
jdahl@erisaattorneyintexas.com


ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Jeffrey E. Dahl, Esq.
Email: jdahl@erisaattorneyintexas.com

| | |
|---|---|
| June 23, 2025 | /s/ Iwana Rademaekers |
| Date | Iwana Rademaekers |